## ALASKA GOLD RECOVERY CO. et al. v. NORTHERN MINING & TRADING CO.

Second Division.   Nome.   June 26, 1926.

No. 2976.

**Eminent Domain ⬤�longrightarrow33, 193—Public Uses Enumerated in Statute.**

The demurrer questions the right of eminent domain for the uses specified in the complaint, to wit, an aerial tram or tramway on defendant's premises together with the necessary equipment, for the purpose of operating plaintiff's mine and adjacent premises. *Held*, the purposes for which condemnation is sought are within the category of the public uses enumerated in the statute; demurrer overruled.

George D. Schofield, of Nome, for plaintiffs.
Ira D. Orton, of Nome, for defendant.

LOMEN, District Judge.   The demurrer questions the right of eminent domain for the uses specified in the complaint, to wit, an aerial tram or tramway on defendant's premises, together with necessary equipment, for the purpose of operating plaintiff's mine and adjacent premises.

As to the right of eminent domain, it has been well said that:

"It must appear that the government intended to exercise this high sovereign right by clear and express terms, or by necessary implication." United States v. Rauers (D. C.) 70 F. 748.

If the right here sought to be exercised is not expressly conferred, which we think it is, it is conferred by necessary implication, and delegated.

The statutes under which these proceedings are instituted have for their very object the condemnation of private property for the public uses mentioned.   Such was not the case in the proceedings that called forth the opinion from which we quote above.   The only question raised by the demurrer in the instant

---

case is whether the purposes for which condemnation is sought are, any of them, within the category of the public uses enumerated in the statute; if so, the demurrer must be overruled.

It is not seriously argued that the erection of a "tramway line," whether aerial or otherwise, was not contemplated and expressed. Section 633 (10), Compiled Stat. 1913. Likewise "aerial trams." Sections 1 and 2, chapter 55, Territorial Laws 1913. Section 2 of the latter act seeks to limit the area or width of the tract or strip of land to be taken for a right of way, but which shall be sufficient and adequate for the 'purposes intended, and no more, including the "setting of poles or the construction of towers upon which to string wires * * * for the transmission of * * * power for the operation of aerial trams." This section does not define the uses mentioned in section 1. In the latter section "aerial trams" are declared a "public use," within the provisions of chapter 22, part 5, of the Alaska Code, which enumerated "tramway line." And said section 1 further provided that the "rights of way across private property, whenever the same shall be shown to be necessary for operation of the mine, or other project in connection with which it is intended to be used, may be condemned and taken."

To say that the right of way for a "tramway line," or "aerial tram," and not also for power to operate the same, was intended is a construction of the statute which would defeat the purpose of the statute and the intention of the act. The general terms used in the statutes are sufficiently definite and certain to grant the right here sought. There is flexibility in general terms that the framers of the Federal Constitution understood, and, under the construction of a John Marshall, gave efficacy to the grant of powers. Such terms were found to be one of the merits of the Constitution. So here. Besides, some of the uses set forth in the complaint are specifically mentioned in the statute.

The demurrer is overruled.